MARTHA BOERSCH (CABN 126569)
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515
BENJAMIN WOLINSKY (CABN 305410)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6996
    Fax: (415) 436-6570
    Email: benjamin.wolinsky@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>NOAH ROSKIN-FRAZEE,<br><br>    Defendant,<br><br>FIDELITY BROKERAGE SERVICES, LLC,<br><br>  and<br><br>FIDELITY WORKPLACE SERVICES, LLC,<br><br>    Garnishees. | CASE NO. 3:25-CR-00053 WHO<br><br>**STIPULATED WRIT OF GARNISHMENT**<br><br>(RETIREMENT ACCOUNT) |

    Plaintiff United States of America ("Plaintiff") and Defendant Noah Roskin-Frazee ("Defendant") enter into this stipulation based on the following facts:

**RECITALS**

    1.    On February 27, 2025, Defendant pled guilty to the single count of the Information in this

STIPULATED WRIT OF GARNISHMENT; [PROPOSED] ORDER
CR 25-00053 WHO                                        1

case, charging him with Obtaining Information from a Protected Computer in violation of 18 U.S.C. § 1030(a)(2)(C). Dkt. No. 7. In connection with that count, Defendant agreed to pay at least $3,945,096.32 in restitution. *See* Dkt. No. 7 at ECF 5:1-3.

2.  Defendant's current mailing address is 217 Leidesdorff Street, San Francisco, CA 94111, where mail is directed through his counsel, Miranda Kane of Conrad | Metlitzky | Kane LLP.

3.  The United States has demanded payment of his anticipated restitution debt from Defendant. Defendant has agreed that his Roth IRA (account ending in no. 2928) ("Retirement Account") held by Fidelity Brokerage Services, LLC and/or Fidelity Workplace Services, LLC ("Garnishees") should be liquidated in full, with all proceeds after any tax withholdings deemed necessary by Garnishees sent to the Clerk of the Court for payment towards his anticipated restitution debt. As of March 27, 2025, the Retirement Account had a value of approximately $293,693.31.

4.  Defendant acknowledges that he has the right to receive notice of the Writ of Garnishment pursuant to 28 U.S.C. § 3202(b) and the right to file a request for hearing and return of property in response to the Writ of Garnishment pursuant to 28 U.S.C. § 3202(d).

5.  The Garnishees' names and address are:

    Fidelity Brokerage Services, LLC
    Fidelity Workplace Services, LLC
    900 Salem St.
    Smithfield, RI 02917

**STIPULATION**

Based on the foregoing, the parties STIPULATE and AGREE that:

1.  Defendant has possession, custody, or control, and a substantial, non-exempt interest in the Retirement Account, account ending in no. 2928. The parties agree that the Retirement Account, including, but not limited to, all rights, titles, and interests in that account's funds, shall be fully garnished and liquidated for payment of Defendant's anticipated restitution debt.

2.  Defendant's plea agreement requiring him to pay restitution of at least $3,945,096.32 in this case shall have the effect of a judgment for purposes of 28 U.S.C. § 3205. Defendant's plea agreement requiring him to pay restitution of at least $3,945,096.32 in this case shall have the effect of a

STIPULATED WRIT OF GARNISHMENT; [PROPOSED] ORDER
CR 25-00053 WHO                                    2

"restitution order" for purposes of 18 U.S.C. § 3613(c).

3. Defendant waives service of an application for a writ of garnishment pursuant to 28 U.S.C. § 3205, and further waives his right to a hearing under 28 U.S.C. § 3205.

4. Defendant waives his right to object to the garnishment and to claim the money taken as garnishment as exempt.

5. The Clerk of Court shall issue a writ of garnishment directed to Garnishees regarding Defendant's Retirement Account, account ending in no. 2928.

6. The writ of garnishment shall direct the Garnishees shall liquidate the Retirement Account in full and pay all proceeds, after any tax withholdings deemed necessary by Garnishees, to the Clerk of the Court.

7. Defendant is under 59-and-a-half years old. However, because criminal judgments are enforced like tax liens, the "early withdrawal" penalty for withdrawals made from a retirement account before age 59-and-a-half under 26 U.S.C. § 72(t) does not apply to a court-ordered distribution for payment of an anticipated criminal restitution debt. *See* 18 U.S.C. § 3613(c) (criminal restitution order is "a lien in favor of the United States on all property and rights to property . . . as if the liability . . . were a liability for a tax . . . ."); 26 U.S.C. § 72(t)(2)(A)(vii) (ten-percent penalty for early withdrawals from qualified retirement plans does not apply to levies pursuant to tax liens); *United States v. Novak*, 476 F.3d 1041, 1062 n. 22 ("Retirement plan distributions to satisfy a tax levy are not subject to the ten-percent penalty tax."); *Murillo v. Commissioner of Internal Revenue*, 1998 WL 6462 (No. 18163-96, U.S. Tax Ct., Jan 12, 1998) (involuntary distributions that were criminally forfeited were not subject to the 10% additional tax on early distributions); *Larotonda v. Commissioner*, 89 T.C. 287, 292 (1987) (additional tax did not apply where the proceeds of such a plan were levied upon). To the extent that the Garnishees disagree, Garnishees shall indicate their objection when it submits its Answer, as directed in the Writ of Continuing Garnishment.

8. Funds shall be made payable to the **Clerk, United States District Court**, and mailed or delivered to the Clerk of the United States District Court, 450 Golden Gate Avenue, 16th Fl., San Francisco, CA 94102.

9. The order approving this stipulation shall also serve as a disposition order under 28

U.S.C. § 3205(c)(7) directing the Garnishees to pay the garnished sums to the United States.

10. The Garnishees shall remit payment to the Clerk of the Court using instructions contained in a letter prepared by the Plaintiff and sent with the disposition order.

Accordingly, IT IS HEREBY STIPULATED AND AGREED between the Plaintiff through its attorney, Benjamin Wolinsky, and the Defendant, that the Retirement Account shall be liquidated as set forth above.

**SO STIPULATED.**

Dated: April 4, 2025         /s/ Miranda Kane
                             MIRANDA KANE
                             Counsel for Defendant


Dated: April 4, 2025         MARTHA BOERSCH
                             Attorney for the United States

                             /s/ Benjamin J. Wolinsky
                             BENJAMIN WOLINSKY *
                             Assistant United States Attorney

*The filer of this document attests under penalty of perjury that all signatories have concurred in this filing of this document.*

**[PROPOSED] ORDER**

Upon consideration of the Stipulated Writ of Garnishment, and for good cause shown,

IT IS HEREBY ORDERED that the Stipulated Writ of Garnishment is approved.

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a Writ of Continuing Garnishment to Garnishees, Fidelity Brokerage Services, LLC and Fidelity Workplace Services, LLC for the purpose of garnishing Defendant's Roth IRA (account ending in no. 2928) ("Retirement Account") in full and pay all proceeds, after any tax withholdings deemed necessary by Garnishees, to the Clerk of the Court.

The United States and Defendant agree that the "early withdrawal" penalty for withdrawals made from a retirement account before age 59-and-a-half under 26 U.S.C. § 72(t) does not apply to a does not apply to a court-ordered distribution for payment of an anticipated criminal restitution debt. *See* 18 U.S.C. § 3613(c) (criminal restitution order is "a lien in favor of the United States on all property and rights to property . . . as if the liability . . . were a liability for a tax . . . ."); 26 U.S.C. § 72(t)(2)(A)(vii) (ten-percent penalty for early withdrawals from qualified retirement plans does not apply to levies pursuant to tax liens); *United States v. Novak*, 476 F.3d 1041, 1062 n. 22 ("Retirement plan distributions to satisfy a tax levy are not subject to the ten-percent penalty tax."); *Murillo v. Commissioner of Internal Revenue*, 1998 WL 6462 (No. 18163-96, U.S. Tax Ct., Jan 12, 1998) (involuntary distributions that were criminally forfeited were not subject to the 10% additional tax on early distributions); *Larotonda v. Commissioner*, 89 T.C. 287, 292 (1987) (additional tax did not apply where the proceeds of such a plan were levied upon). To the extent that the Garnishees disagree, Garnishees shall indicate their objection when they submit their Answer, as directed in the Writ of Continuing Garnishment.

IT IS FURTHER ORDERED that this order shall serve as an order of disposition under 28 U.S.C. § 3205(c)(7) directing the Garnishees to make payment as follows: The Garnishees shall liquidate the Retirement Account, account ending in no. 2928, in full and pay all proceeds, after any tax withholdings deemed necessary by Garnishees, to the Clerk of the Court.  Garnishees shall make payment by check, made payable to **Clerk, United States District Court**, reference: **Noah Roskin-Frazee, CR 25-00053 WHO**, sent via overnight delivery with tracking to the United States District Court, Attn: Finance Unit, 450 Golden Gate Avenue, 16th Fl., San Francisco, CA 94102.

IT IS SO ORDERED.

Dated: _____

HONORABLE WILLIAM H. ORRICK
UNITED STATES SENIOR DISTRICT JUDGE